UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRISANTO GUIZAR GARCIA, TERESA MORENO, JAVIER SOTELLO ALBARRAN, PEDRO GUEVARA ZACATENCO, and SERGIO NAVARRO TINTA,<br><br>Defendants. | NO.  CR-08-2090-RHW-1<br>       CR-08-2090-RHW-2<br>       CR-08-2090-RHW-3<br>       CR-08-2090-RHW-4<br>       CR-08-2090-RHW-5<br><br><br>**ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS** |

A pretrial conference was held on March 3, 2009, in Yakima, Washington. Defendants were present and represented by counsel.  The Government was represented by Shawn Anderson.

Before the Court were a number of pretrial motions, including Defendant Teresa Moreno's Motions to Suppress (Ct. Recs. 192, 194) and a number of discovery motions.

**I.    Defendant Moreno's Motion to Suppress**

On August 13, 2008, Special Agent Jared Gustin obtained a search warrant to search a residence and outbuildings located on Olmstead Road, in Grandview, Washington. Based on the evidence obtained while executing this search warrant, Special Agent Gustin obtained a second search warrant to search the residence located on West Heck Road.

**ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS ~ 1**

1    Defendant Moreno challenges the issuance of the search warrant because
2    Agent Gustin relied on information that was obtained by officers who had entered
3    the curtilage of the residence, and on information that was obtained after the
4    officers created exigent circumstances to justify a broad sweep of the property.

5                                    **ANALYSIS**

6        The Fourth Amendment protects the rights of people to be secure in their
7    persons, houses, papers, and effects against unreasonable searches and seizures.
8    U.S. Const. Amend. IV; *United States v. Hammett*, 236 F.3d 1054, 1059 (9th Cir.
9    2001).  "As a general rule, searches and seizures violate the Fourth Amendment
10   unless they are based on probable cause and executed pursuant to a valid search
11   warrant."  *United States v. Delgado*, 545 F.3d 1195, 1201 (9th Cir. 2008) (citation
12   omitted).

13       Evidence obtained as a direct result of a Fourth Amendment violation may
14   not be used to establish probable cause for a subsequent search.  *United States v.*
15   *Barajas-Avalos*, 377 F.3d 1040, 1054 (9th Cir. 2004).  When an affidavit contains
16   evidence that is illegally obtained, "[a] reviewing court should excise the tainted
17   evidence and determine whether the remaining, untainted evidence would provide
18   a neutral magistrate with probable cause to issue a warrant."  *Id.* (citations
19   omitted).

20       "Nowhere is the protective force of the Fourth Amendment more powerful
21   than it is when the sanctity of the home is involved."  *Los Angeles Police*
22   *Protective League v. Gates*, 907 F.2d 879, 884 (9th Cir. 1990).  The Supreme Court
23   has extended the protections afforded by the Fourth Amendment to the curtilage of
24   a house, which is defined as "the area to which extends the intimate activity
25   associated with the sanctity of a man's home and the privacies of life."  *Oliver v.*
26   *United States*, 466 U.S. 170, 180 (1984) (internal quotations omitted).

27       On the other hand, a vineyard normally qualifies as an open field, which is
28   not afforded any Fourth Amendment protections.  *See id* at177-178 (holding that

**ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS ~ 2**

the open fields doctrine permits police officers to enter and search a field without a warrant because there is no societal interest in protecting the privacy of activities, such as the cultivation of crops, that occur in open fields).

1.   **Olmstead Residence Search Warrant**

Here, even if the Court accepts Defendant's argument that officers entered the curtilage and created the exigent circumstances and excises any information obtained from this conduct from the Affidavit for Search Warrant, the Court concludes that probable cause existed for the Magistrate Judge to issue the warrant.

"Probable cause exists when, under the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *United States v. Davis*, 530 F.3d 1069, 1084 (9th Cir. 2008). "Probable cause determinations may be based in part on reasonable inferences." *Id.*

Probable cause was established by the following facts contained in the Search Warrant Affidavit:

1.  Anonymous tip from a citizen, who was knowledgeable regarding the growing, harvesting, and processing of grapes, that the Olmstead Road vineyard had been recently purchased, but grapes were not harvested last year and it did not appear that grapes would be harvested this year.

2.   The tipster reported that the previous owner told him that he had attempted to retrieve property that had been left at the shop at the time of the sale, but that the new owner would not allow anyone to enter the shop area.  Tipster believed that vineyard was being used to cultivate marijuana.

3.  On August 12, 2008, Special Agent Gustin went to the property and observed a house, shop, vineyard, and outbuildings associated with the parcel.

4.  Officers entered the property through an unfenced, non-gated area furthest from the residence and observed marijuana stalks within the vineyard.

5.  Officers could smell a heavy order of marijuana and while they were

**ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS ~ 3**

exiting the property, they observed marijuana stalks that appeared wet, as if to have recently been cut.

6. Officers encountered persons within the vineyard.

7. The persons yelled out in Spanish, and appeared to be giving warnings to others who were also in the vineyard.

8. Officers observed two groups of persons immediately gathering on a road on the east side of the vineyard. The gathering lasted for a couple of seconds.

9. One of the persons ran toward the residence, got into a truck and drove North.

10. There were lights on in the residence with several cars parked outside.

The Court finds that the evidence as set forth above establishes probable cause to issue the warrant to search the residence.[1] It was proper for the Magistrate Judge to infer that evidence regarding the marijuana manufacturing would be found in the residence and the outbuildings. When fleeing, one of the suspects ran toward the house. The lights were on in the residence and several cars were parked outside the residence. This would suggest that the residence was being used by the persons who were observed in the vineyard. Additionally, the tipster's information was corroborated when the officers observed marijuana on the property.

Moreover, even if the search warrant lacked probable cause, the officers executing the search warrant were entitled to rely, in good faith, on the search warrant. *See United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007). For the

---

[1]There is no dispute that the officers were permitted to make these observations under the open fields doctrine. While Defendant suggested that the officers' intent on entering the property was to do more than merely confirm the existence of marijuana on the property, this fact, even if true, does not make the search of the vineyard unconstitutional. Nor does the fact that the officers entered the vineyard at midnight made the search of the vineyard unconstitutional.

**ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS ~ 4**

good faith reliance exception to apply, the officers must have relied on the search warrant in an objectively reasonable manner. *Id.* The affidavit "must establish at least a colorable argument for probable cause" for the exception to apply." *Id.*

There are four circumstances in which the good faith exception does not apply because reliance is *per se* unreasonable: (i) where an affiant misleads the issuing magistrate or judge by making a false statement or recklessly disregarding the truth in making a statement; (ii) where the magistrate or judge wholly abandons her judicial role in approving the warrant, acting only as a "rubber stamp" to the warrant application rather than as a neutral and detached official; (iii) where the warrant is facially deficient in detail as to the place to be searched or the things to be found that the officers could not reasonably presume it to be valid; or (iv) where the affidavit upon which the warrant is based is so lacking in indicia of probable cause that no reasonable officer could rely upon it in good faith. *Id.*

Here, the Court concludes that none of the factors that would permit the Court to find that reliance was *per se* unreasonable exist in this case. On the contrary, the Court finds that reliance on the search warrant was reasonable. Thus, to the extent the Court erred in finding that probable cause existed to issue the search warrant, the Court finds that the Government is entitled to the good faith reliance exception to the exclusionary rule.

**2.    West Heck Road Residence**

The Search Warrant Affidavit submitted in support of the search warrant application for the West Heck Road relied on information obtained from the search of the Olmstead residence. Because the Court has concluded that this search was legal, the Court will review the Affidavit in its entirety to determine whether there was probable cause for the Magistrate Judge to issue the search warrant for the West Heck Road residence.

The Court finds that probable cause was established by the following facts contained in the Search Warrant Affidavit:

**ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS ~ 5**

1.   Crisanto Garcia and Teresa Moreno purchased the Olmstead property in 2006.

2.   Crisanto Garcia was stopped by Grandview police approximately one hour after the officers entered the Olmstead property, and about one mile from the property after he was observed walking along the road.  Garcia indicated that he was walking from his home in Prosser, which he stated was on West Heck Road. Garcia's clothing contained a green colored residue with green vegetable matter being located within the left and right pockets. His clothing contained a strong odor of marijuana.

3.   Defendant Moreno was located in the Olmstead residence prior to obtaining the search warrant.

4.   Upon execution of the search warrant at the Olmstead place, officers seized 3,950 harvested marijuana plants which were hanging for drying.  A marijuana drying room was located in the attic of the residence.

5.   Several items of dominion were located within the Olmstead residence for Crisanto Garcia and Defendant Moreno reflecting that Garcia and Moreno both received mail at the Olmstead residence.

6.   Additional items of dominion were recovered from the Olmstead residence that indicated that Defendant Moreno and Garcia received recent mail addressed to the West Heck Road.

7.   A records check through the Benton County Assessors Officer reflected that Garcia and Moreno were the owners of the West Heck Road residence.

The Court finds that it was proper for the Magistrate Judge to infer that evidence of narcotics trafficking would be found at the West Heck Road residence.

In his Affidavit, Agent Gustin also relied on the fact that although information had been received that Garcia and Defendant Moreno were renting the residence located on the West Heck Road, no documentation or records were found at the Olmstead property that would indicate that they were receiving income from

**ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS ~ 6**

1  a rental property. This is at best a weak inference and would not support a finding

2  of probable cause. Nevertheless, based on the above information, there was

3  sufficient probable cause to support the issuance of the search warrant for the West

4  Heck Road residence.

5      For the same reasons as stated above, the Court finds that it was reasonable

6  for the officers to rely on the search warrant. Thus, to the extent the Court erred in

7  finding that probable cause exists, the Government is entitled to rely on the good

8  faith reliance exception to the exclusionary rule.

9      For these reasons, and the reasons stated on the record, Defendant Moreno's

10  Motions to Suppress are denied.

11  **II.    Discovery Motions**

12      There are a number of discovery motions that have been filed by the

13  Defendants. At the hearing, it appeared that the discovery issues had been

14  resolved. Therefore, the Court will deny the motions.

15      Accordingly, **IT IS HEREBY ORDERED:**

16      1.    Defendant Moreno's Motion to Suppress Evidence (Ct. Rec. 192) is

17  **DENIED**.

18      2.    Defendant Moreno's Motion to Suppress Evidence (Ct. Rec. 194) is

19  **DENIED**.

20      3.    Defendant Garcia's Motion for Discovery (Ct. Rec. 130) is **DENIED**,

21  as moot.

22      4.    Defendant Garcia's Motion to Join in the Motions of Co-Defendants

23  (Ct. Rec. 163) is **GRANTED**.

24      5.    Defendant Albarran's Motion for Discovery (Ct. Rec. 174) is

25  **DENIED**, as moot.

26      6.    Defendant Albarran's Motion to Join in All Pretrial Motions (Ct. Rec.

27  175) is **GRANTED**.

28      7.    Defendant Albarran's Motion for Production of ER 404(b) Evidence

**ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS ~ 7**

(Ct. Rec. 176) is **DENIED,** as moot.

      8.    Defendant Albarran's Motion for Order Compelling Transcripts (Ct. Rec. 177) is **DENIED**, as moot.

      9.    Defendant Albarran's Motion to Disclose All Informant Benefits (Ct. Rec. 178) is **DENIED**, as moot.

      10.    Defendant Moreno's Motion for Extension of Time to File Pretrial Motions (Ct. Rec. 170) is **GRANTED**.

      11.    Defendant Moreno's Motion to Expedite (Ct. Rec. 172) is **GRANTED**.

      12.    Defendant Moreno's Motion for Brady Material (Ct. Rec. 181) is **DENIED**, as moot.

      13.    Defendant Moreno's Motion for Discovery Pursuant to Federal Rule of Evidence 404(b) and Federal Rule Criminal Procedure 16 (Ct. Rec. 182) is **DENIED**, as moot.

      14.    Defendant Moreno's Motion for Discovery of Expert (Ct. Rec. 183) is **DENIED**, as moot.

      15.    Defendant Moreno's Motion for Grad Jury Transcripts (Ct. Rec. 184) is **DENIED,** as moot.

      16.    Defendant Moreno's Motion to Sever (Ct. Rec. 186) is **DENIED**, with leave to renew.

      17.    Defendant Moreno's Motion to Join in All Pretrial Motions (Ct. Rec. 188) is **GRANTED**.

      18.    Defendant Moreno's Motion to Disclose All Informant/Cooperating Witness Benefit (Ct. Rec. 189) is **DENIED**, as moot.

      19.    Defendant Zacatenco's Motion for Discovery (Ct. Rec. 138) is **DENIED**, as moot.

      20.    Defendant Zacatenco's Motion for Disclosure of Brady Material (Ct. Rec. 139) is **DENIED**, as moot.

**ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS ~ 8**

21.    Defendant Zacatenco's Motion for Production of 404(b) and 609 Evidence (Ct. Rec. 141) is **DENIED**, as moot.

22.    Defendant Zacatenco's Motion for Transcription of Grand Jury Testimony (Ct. Rec. 143) is **DENIED**, as moot.

23.    Defendant Zacatenco's Motion to Compel Disclosure of Any and All Promised of Leniency and/or Preferential Treatment and/or Any Other Benefit to Informants (Ct. Rec. 145) is **DENIED**, as moot.

24.    Defendant Zacatenco's Motion to Join in Co-Defendants' Pre-Trial Motions (Ct. Rec. 209) is **GRANTED**.

25.    Defendant Navarro Tinta's Motion to Join in All Pretrial Motions and In All Memorandum of Authorities Filed by Other Defendants Absent Election Out (Ct. Rec. 217) is **GRANTED**.

26.    Defendant Garcia's Motion to Expedite (Ct. Rec. 125) is **DENIED**, as moot.

27.    Pursuant to 18 U.S.C. § 3161(h)(1)(F), the time between February 2, 2009, the date the motions to suppress were filed, until the date this order is entered, is **DECLARED EXCLUDABLE** for purposes of computing time under the Speedy Trial Act.

///
///
///
///
///
///

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 10th  day of March, 2009.

**ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS ~ 9**

1
*s/Robert H. Whaley*

2
ROBERT H. WHALEY
Chief United States District Judge

3

4
Q:\CRIMINAL\2008\08-2090\deny.wpd

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS ~ 10**