UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CRISANTO GUIZAR GARCIA,<br>TERESA MORENO,<br><br>　　Defendants. | NOS.　CR-08-2090-RHW-1<br>　　　　　CR-08-2090-RHW-2<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

　　On March 24, 2009, Defendants plead guilty to Count 1 of the Superseding Indictment and agreed to forfeit certain real property.

　　Accordingly, **IT IS HEREBY ORDERED**:

　　1.　As the result of the Defendants' guilty pleas to Count 1 of the Superseding Indictment filed on December 2, 2008, for which the United States sought forfeiture pursuant to 21 U.S.C. § 853, Defendants, CRISANTO GUIZAR GARCIA and TERESA MORENO, shall forfeit to the United States all property which constitutes proceeds, or any property derived from proceeds obtained directly or indirectly as a result of controlled substance violations; and/or constitutes property used or intended to be used, in any manner or part, to commit or to facilitate the commission of controlled substance violations, in violation of 21 U.S.C. § 846.

　　2.　The Court has determined, based on Defendants', CRISANTO GUIZAR GARCIA's and TERESA MORENO's, plea agreements in which Defendants agreed to the forfeiture, that the following real property is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the United States has established

**PRELIMINARY ORDER OF FORFEITURE** ~ 1

the requisite nexus between such asset described below, and such offense(s):

<u>121503 West Heck Road, Prosser, Washington</u>

The Southeast quarter of the Southeast quarter of the Northeast quarter of Section 25, Township 9 North, Range 24 East, W.M., Benton County, Washington.

Together with a 1971 KIT 65 x 24 Mobile Home, VIN: S2759, Washington License Plate @54292.

Together with all appurtenances, fixtures, attachments and improvements thereto and thereupon.

Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.

Parcel No.: 1-2594-100-0005-000.

3. Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above-listed real property subject to forfeiture, whether held by the defendants or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property listed above. Any person, other than the above-named Defendants, asserting a legal interest in the above-listed property may, within sixty days of the first date of internet posting of notice, or by the date indicated on direct notice, if sent, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the above-listed forfeited assets and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

**PRELIMINARY ORDER OF FORFEITURE ~ 2**

5. Any petition filed by a third party asserting an interest in the above-listed forfeited assets shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in said property, the time and circumstances of the petitioner's acquisition of the right, title or interest in said assets, and any additional facts supporting the petitioner's claim and the relief sought.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture is final as to the Defendants at the time of sentencing, and is made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the above-listed assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 29th day of May, 2009.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2008\08-2090\forfeiture.wpd

**PRELIMINARY ORDER OF FORFEITURE** ~ 3